**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30089 |
| Plaintiff-Appellee, | D.C. No. 1:07-cr-00132-SPW-1 |
| v. | |
| MERVIN LEROY SMALL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 26, 2020[**]

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Mervin Leroy Small appeals from the district court's judgment and challenges the nine-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Small contends, and the government concedes, that the district court miscalculated the applicable Guidelines range. We agree. Because Small admitted only to Grade C violations, the correct range was 3 to 9 months, rather than the range of 24 to 30 months that the district court cited at sentencing. *See* U.S.S.G. § 7B1.4(a). This error is plain and it requires remand for resentencing because there is a reasonable probability that the district court would have imposed a shorter sentence had it used the correctly calculated range as its starting point. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907-09 (2018) (an error resulting in a higher range than the Guidelines provide most often is sufficient to show an effect on defendant's substantial rights and an adverse impact on the fairness, integrity, and public reputation of judicial proceedings).

**VACATED and REMANDED for resentencing.**